NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division
DAVID PINCHAS (Cal. Bar No. 130751)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2920
    Facsimile: (213) 894-7819
    E-mail: david.pinchas@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT L. ROSEBROCK,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL PEREZ, et al.,<br><br>    Defendants. | No. CV 17-4354 DSF (ASx)<br><br>DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW<br><br>[Local Rule 16-4]<br><br>Pretrial Conference: March 18, 2019<br>Trial Date: April 16, 2019<br><br>Honorable Dale S. Fischer |

Federal Defendants Michael Perez, Joel Henderson and Christian Perez, sued in their individual capacities as officers of the Veterans Affairs Greater Los Angeles Health Care System ("VAGLAHS") Director Ann Brown, former VAGAHS Police Chief Charles Leas and Secretary Robert Wilke, sued in their official capacities as officers of the United States, and the United States of America, hereby submit their Memorandum of Contentions of Fact and Law pursuant to Local Rule 16-4 as follows:

## I. CLAIMS AND DEFENSES

### A. Summary of Plaintiff's Claims

Claim 1: Defendant Michael Perez violated Plaintiff's Fourth Amendment rights;

Claim 2: Defendants Joel Henderson and Christian Perez violated Plaintiff's Fourth Amendment rights;

Claim 3: Defendant Michael Perez falsely imprisoned Plaintiff;

Claim 4: Defendants Joel Henderson and Christian Perez falsely imprisoned Plaintiff;

Claim 5: Defendant Michael Perez battered and assaulted Plaintiff

Claim 6: Defendants Joel Henderson and Christian Perez battered and assaulted Plaintiff;

Claim 7: Defendant Michael Perez converted Plaintiff's camera;

Claim 8: Defendant Christian Perez converted Plaintiff's camera;

Claim 9: 38 C.F.R. §1.218(a)(10) violates Plaintiff's First Amendment rights;

Claim 10: 38 C.F.R. §1.218(a)(10) violates Plaintiff's Fifth Amendment rights.

### B. Required Elements of Plaintiff's Claims

#### 1. Elements for Violation of Fourth Amendment for False Arrest:

a. An individual acting under color of law;
b. Seized the Plaintiff's person;
c. In seizing Plaintiff's person, Defendant acted intentionally; and
d. The seizure was unreasonable.

See Ninth Circuit Model Jury Instruction 9.20

#### 2. Required Elements for Fourth Amendment Seizure of Property

a. An individual acting under color of law;
b. Seized Plaintiff's property;
c. In seizing Plaintiff's property, Defendant acted intentionally; and
d. The seizure was unreasonable.

1

See Ninth Circuit Model Jury Instruction 9.18

### 3. Elements for Unlawful Arrest under California Law

a. nonconsensual, intentional confinement of a person;

b. without lawful privilege;

c. for an appreciable period of time, however brief.

See Easton v. Sutter Coast Hospital, 80 Cal. App. 4th 485, 496 (2000).

### 4. Elements for Assault under California Law

a. Defendant acted with intent to cause harmful or offensive contact, or threatened to touch the plaintiff in a harmful or offensive manner;

b. Plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to Plaintiff that the Defendant was about to carry out the threat;

3. Plaintiff did not consent to the Defendant's conduct;

4. Plaintiff was harmed;

5. Defendant's conduct was a substantial factor in causing the plaintiff's harm and

6. Defendant's action was unreasonable.

See Avina v. United States, 681 F.3d 1127, 1130-31 (9th Cir. 2012).

### 5. Elements for Battery Under California Law

1. Defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person;

2. Plaintiff did not consent to the contact;

3. The harmful or offensive contact caused injury, damage, loss or harm to Plaintiff; and

4. Defendant's force was unreasonable.

See Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1272 (1998); Avina, 681 F.3d at 1131.

     6.  <u>Elements of Conversion under California Law</u>

 1. Plaintiff had ownership or right to possession of the property;

 2. Defendant's conversion by a wrongful act or disposition of property rights; and

 3. Damages.

<u>See</u> 14A Cal.Jur.3d, Conversion § 1.

     7.  <u>Elements of "As Applied" First Amendment Violation</u>

 Discriminatory enforcement of a speech restriction which amounts to viewpoint discrimination in violation of the First Amendment.

<u>See</u> <u>Foti v. City of Menlo Park</u>, 146 F.3d 629, 635 (9th Cir.1998).

     8.  <u>Elements of Fifth Amendment Vagueness Violation</u>

 1. Law did not give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.

 2. Law did not provide explicit standards for those who apply them.

<u>See</u> <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 109 (1972).

  **C.**  **Key Evidence in Opposition to Plaintiff's Claims**

**Claim 1: Alleged Fourth Amendment Violation on June 12, 2016**

 Defendant Michael Perez had probable cause to believe that Plaintiff violated several VA regulations on June 12, 2016. He had knowledge that Plaintiff posted news articles and photographs on news media sites and saw him filming on VA property in violation of 38 C.F.R. § 1.218(a)(10) and when he advised Plaintiff not to film on VA property, Plaintiff did not do so.

 In addition, Michael Perez had probable cause to believe that Plaintiff was loitering on VA property in violation of 38 C.F.R. §§ 1.218(a)(5) for improper purposes. Officer Raul Davis' testimony will substantiate this reasonable belief. Michael Perez also knew that Plaintiff was demonstrating on VA property without authorization in violation of 38 C.F.R. § 1.218(a) (14) and Plaintiff testified in his deposition that he had no such authorization.

3

As seen in Plaintiff's video of the June 12, 2016 encounter, Plaintiff attempted to flee Michael Perez' attempt to seize Plaintiff's camera. Michael Perez will also testify that Plaintiff resisted his attempt to move him to his police vehicle in order to issue Plaintiff a citation. As a result, and because Officer Perez had been assigned to assist Officer Davis with a different subject, Officer Perez acted reasonably and within his discretion by seizing the camera for evidentiary purposes and handcuffing Plaintiff. Michael Perez also loosened Plaintiff's handcuffs after Plaintiff claimed they were too tight.

**Claim 2: Alleged Fourth Amendment Violation on June 19, 2016**

Defendant Joel Henderson will testify that he saw Plaintiff protesting on VA property on June 19, 2016 and advised him that if he wished to film for media purposes, he should move to the city sidewalk. Plaintiff's video of this encounter shows that Plaintiff did so but soon returned to film on VA property. A reasonable officer could conclude that his doing so was a violation of §1.218(a)(10). Both Officers Henderson and Christian Perez were aware of Plaintiff's media activities and read his news articles prior to this encounter.

Both officers also had probable cause to believe that Plaintiff was loitering on VA property for the purpose of putting flags on the VA perimeter fence in violation of § 1.218(a)(5) and that he was conducting an unauthorized demonstration on VA property in violation of § 1.218(a)(14). Officer Christian Perez will testify that he attempted to seize Plaintiff's camera for evidentiary purposes but Plaintiff attempted to flee and then deflected Officer Perez' hand and attempted to grab the camera back. Ted Hayes has testified that Plaintiff did attempt to grab the camera away from Officer Perez and the video of the encounter shows that Plaintiff did attempt to evade Officer Perez after he explained, in a non-threatening manner, that he was taking the camera.

Officer Henderson, who did not seize the camera, will testify that after Officer Perez seized Plaintiff's camera, it appeared to him that Plaintiff might attack Officer

4

1 Perez. Thus, Officer Henderson briefly touched Plaintiff in order to defuse the situation
2 and avoid the need for a physical arrest of Plaintiff. Ted Hayes corroborated these facts
3 in his deposition. Both Officers Perez and Henderson will testify that Officer Perez
4 merely handed Plaintiff a citation on June 19, 2016.

**Claim 3: Alleged False Imprisonment on June 12, 2016**

Defendant Michael Perez will testify that his detention of Plaintiff was privileged due to his reasonable belief that Plaintiff violated VA regulations and his need to control Plaintiff's movement in order to issue the citation because of Plaintiff's lack of cooperation and the need to be available to assist Officer Davis at the same time.

**Claim 4: Alleged False Imprisonment on June 19, 2016**

As a matter of law, merely handing someone a citation establishes neither false arrest nor false imprisonment. See Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986); White v. City of Laguna Beach, 679 F.Supp.2d 1143, 1158 (C.D. Cal. 2010). Both Officer Joel Henderson and Officer Christian Perez will testify as to the bases for their probable cause to believe Plaintiff violated VA regulations on June 19, 2016 and thus any seizure of Plaintiff was privileged.

**Claim 5**: **Alleged Assault and Battery on June 12, 2016**

Defendant Michael Perez will testify, and Plaintiff's video of the June 12, 2016 encounter will corroborate, that Officer Perez did not use any unreasonable force, there was no harmful or offensive contact or touching of Plaintiff and Defendant Michael Perez did not intend to cause any harmful or offensive contact or touching. Furthermore, any harm to Plaintiff from the handcuffs was *de minimis*.

**Claim 6**: **Alleged Assault and Battery on June 19, 2016**

Plaintiff's video and photographs of the June 12, 2016 encounter establish that neither Officer Christian Perez, nor Officer Joel Henderson, used any unreasonable force, there was no harmful or offensive contact or touching, nor was Plaintiff harmed in any way. Officer Christian Perez and Officer Joel Henderson will further testify that

5

they never intended to cause any harmful or offensive contact or touching of Plaintiff.

**Claims 7 and 8: Conversion of Plaintiff's Cameras**

Defendants had a substantial basis to believe that Plaintiff's cameras contained evidence of violations of VA regulations. Moreover, the Court lacks subject matter jurisdiction over these claims. See 28 U.S.C. § 2680(c).

**Claims 9 and 10: Claims for Injunctive and Declaratory Relief that Section 1.218(a)(10) Violates Plaintiff's Constitutional Rights**

Due to the ruling of Judge Bernal in United States v. Rosebrock, CR 17-262 JGB, the Department of Veterans Affairs no longer enforces the unauthorized photography regulation in the Central District of California. Therefore, these claims are moot.

**D.    Summary of Defendants' Affirmative Defenses**

First Affirmative Defense: Defendants Michael Perez, Joel Henderson and Christian Perez are each entitled to qualified immunity.

Second Affirmative Defense: Plaintiff failed to mitigate any emotional damages he claims to have suffered.

Third Affirmative Defense: Plaintiff's recovery for loss of use of his cameras is limited to the amount set forth in his administrative tort claim.

**E.    Required Elements of Affirmative Defenses**:

1. Elements of Qualified Immunity

a. Whether the Defendant violated a clearly established constitutional right of which a reasonable officer would have known.

b. Whether the Defendant had a reasonable, but mistaken, belief as to the facts establishing the existence of probable cause.

See Saucier v. Katz, 533 U.S. 194, 201, 205-06 (2001).

2. Elements of Mitigation of Damages

a. Whether Plaintiff used reasonable efforts to mitigate his damages;

b. The amount by which such damages would have been mitigated.

6

See Ninth Circuit Model Civil Jury Instruction 5.3.

### 3. Limitation on Recovery

Plaintiff cannot seek to recover an amount under the Federal Tort Claims Act ("FTCA") in excess of the amount of the claim presented to the federal agency absent newly discovered evidence not reasonably discoverable at the time the claim was presented. See 28 U.S.C. § 2675(b).

### F. Description of Evidence in Support of Affirmative Defenses

**First Claim: Qualified Immunity**

The Individual Defendants had probable cause or at least arguable probable cause to believe that Plaintiff violated 1.218(a)(10) because the regulation was ambiguous, no court had ruled that it was invalid on or before June 2016, and the long-standing practice of the VAGLAHS had been to preclude news photography at areas not specifically designated by the Director. In addition, Plaintiff's media activities were well known by each of the Individual Defendants. Moreover, Plaintiff was filming in full view of the Individual Defendants and, with respect to the June 19, 2016 encounter, Plaintiff was asked to go to the city of Los Angeles sidewalk if he wished to conduct filming for media purposes and both Defendants Henderson and Christian Perez saw that Plaintiff initially complied with this request.

The Individual Defendants were also aware that there are no non-emergency medical appointments at the VAGLAHS on Sundays, and both June 12, 2016 and June 19, 2016 fell on Sundays. The Individual Defendants also knew that Plaintiff would enter VA property on his protests for the purpose of placing flags on the facility's perimeter in violation of 38 C.F.R. § 1.218(a)(9). Plaintiff also impeded the official duties of Defendants Michael Perez and Christian Perez when he attempted to flee their attempts to collect his cameras for evidentiary purposes, when he resisted Officer Michael Perez's attempt to take him to his vehicle and when he grappled with Defendant Christian Perez over the camera on June 19, 2016. Thus, the Individual Defendants had

7

probable cause, or at least arguable probable cause, that Plaintiff was loitering and creating a disturbance on VA property in violation of §1.218(a)(5).

The Individual Defendants had been called to the Great Lawn Fence area due to protest activity on June 12 and 19, 2016. Plaintiff was present when they arrived on the scene and Plaintiff's protest signs were set against the facility's perimeter fence. The Individual Defendants will testify that they had never been advised that Plaintiff was authorized to conduct his protests on VA property and that they would have been advised if such authorization had been given. Plaintiff testified in his deposition that he never obtained such authorization. Plaintiff also testified that his protests involved actions in opposition to current VA policies. Accordingly, the Individual Defendants had probable cause, or at least arguable probable cause, to believe that Plaintiff had violated §1.218(a)(14). Such probable or arguable probable cause further justified the confiscation of Plaintiff's cameras for evidentiary purposes because each officer had a substantial basis to believe that Plaintiff's camera constituted or contained evidence of violations of VA regulations.

With respect to the handcuffing of Plaintiff on June 12, 2019, the probable or arguable probable cause to detain Plaintiff permitted the use of handcuffs and doing so was reasonable given that Plaintiff resisted Officer Michael Perez' instructions. Further, because Officer Michael Perez was simultaneously serving as back up for Officer Davis in his interactions with Plaintiff's fellow protestor, Officer Michael Perez reasonably concluded that he could lawfully exercise his discretion to handcuff Plaintiff in order to complete the process of issuing a citation to Plaintiff.

With respect to Officer Joel Henderson's brief touch of Plaintiff on June 19, 2016, Plaintiff's own photographic evidence establishes that this took place after Officer Christian Perez seized the camera from Plaintiff and at a time when Plaintiff and Officer Christian Perez were in close proximity to each other. Even if Officer Henderson mistakenly concluded that Plaintiff might attack Officer Christian Perez, Officer

8

Henderson was entitled to make the split second decision to take reasonable steps, and use minimal force, in order to prevent such an attack, without incurring liability.

**Second Affirmative Defense: Mitigation**

Plaintiff testified in his deposition that he chose not to seek any counseling or therapy for the alleged emotional distress he claims to have suffered as a result of the actions of the Individual Defendants on June 12 and 19, 2016.

**Third Affirmative Defense: Limitation on Damage Amount for Conversion**

Plaintiff's June 7, 2017 administrative tort claim (Exhibit 219) sets forth a claim in the sum of $200 for the loss of use of his cameras for less than four months.

### G. Third Parties

Not applicable.

### H. Anticipated Evidentiary Issues

Defendants anticipate that there will be evidentiary objections to most of Plaintiff's exhibits including, *inter alia*, hearsay, relevance and prejudice under Fed.R.Ev. 401, 403, 802 and 805.

### I. Issues of Law

Defendants have filed a pending summary judgment motion raising issues of qualified immunity, mootness of Plaintiff's claims for injunctive and declaratory relief and lack of subject matter jurisdiction over Plaintiff's claim for conversion.

In addition, Defendants filed the following motions in limine to exclude the following from presentation to the jury: 1) evidence of indemnification of, or insurance covering, the Individual Defendants; 2) evidence of misconduct of non-defendants; 3) evidence that § 1.218(a)(10) has been ruled unconstitutional or unenforceable; 4) Plaintiff's disagreement with the VAGLAHS' policies regarding the use of its property and care for homeless veterans; and 5) evidence and argument that the plaza in front of the Great Lawn Gate is a public forum.

## II. BIFURCATION OF ISSUES

None.

## III. JURY TRIAL

A. <u>Matters Tried by Jury</u>

Plaintiff is entitled to a jury trial for his constitutional tort claims.

B. <u>Matters Tried by the Court</u>

Plaintiff's FTCA claims must be tried to the Court, and not the jury. 28 U.S.C. § 2402. Defendants strongly oppose the use of an advisory jury for any FTCA claims.

## IV. ATTORNEY'S FEES

Plaintiff is not entitled to attorney's fees under the FTCA. See <u>Anderson v. United States</u>, 127 F.3d 1190, 1191 (9th Cir. 1997). Plaintiff is not entitled to attorney's fees for his claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). See <u>Kreines v. United States</u>, 33 F.3d 1105, 1109 (9th Cir. 1994).

## V. ABANDONMENT OF ISSUES

Plaintiff has abandoned his claims for supervisory liability and failure to train which were asserted against Jane and John Doe defendants 1-5.

Dated: February 25, 2019

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Chief, General Civil Section

/s/ David Pinchas
DAVID PINCHAS
Assistant United States Attorney
Attorneys for Defendants

10