# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. ROSEBROCK, <br> Plaintiff, <br><br> v. <br><br> MICHAEL PEREZ, et al., <br> Defendants. | CV 17-4354 DSF (ASx) <br><br> Order re Motion for Summary Judgment as to Probable Cause to Arrest |

"Under certain limited circumstances a district court may issue summary judgment on its own motion." Portsmouth Square, Inc. v. Shareholders Protective Committee, 770 F.2d 866, 869 (9th Cir. 1985). That may be appropriate, for example, when one party moves for summary judgment and "it appears from all the evidence presented that there is no genuine issue of material fact and the *non-moving* party is entitled to judgment as a matter of law." Id. The Court may also grant summary judgment as a matter of law at a final pretrial conference because one "purpose of the pretrial conference procedure is to promote efficiency and conserve judicial resources by identifying litigable issues prior to trial." Id. The Court need not await a formal motion or proceed to trial if the conference discloses that the undisputed facts entitle one party to judgment as a matter of law. Id.

In its recent Order Denying Defendants' Motion for Summary Judgment and Dismissing Plaintiff's Second and Sixth Causes of Action, the Court declined to grant summary judgment as to

Plaintiff's <u>Bivens</u> claim under the Fourth Amendment. After considering Defendants' motion, and the Defendants' position at the pretrial conference, the Court has concluded that there may be no genuine issues of material fact concerning whether the Individual Defendants had probable cause to cite or arrest Plaintiff, or whether they were entitled to qualified immunity as to any of the charges under 38 C.F.R § 1.218(a) – and that Plaintiff may therefore be entitled to summary judgment that Defendants lacked probable cause and are not entitled to qualified immunity as a matter of law.

The Court is therefore inclined to summarily adjudicate those issues in favor of Plaintiff. The Court is not deciding at this time whether Plaintiff was arrested instead of merely cited, or any other issue. The remaining issues will be decided by the jury.

Defendants may file an opposition to the Court's indicated ruling, noting what genuine issues of material fact exist that would cause the Court to submit the issue of probable cause to the jury. The Opposition may not exceed 15 pages and must be filed no later than March 29, 2019. Any response by Plaintiff must be filed no later than April 8, 2019.

IT IS SO ORDERED.

Date: March 20, 2019

Dale S. Fischer
United States District Judge